```
 1  Eric C. Kitchen, Esq., State Bar No. 66438
    610 State Street, Suite B-3
 2  Santa Barbara, CA 93101
    Telephone (805) 966-5101
 3  Facsimile (805) 966-5103
 4
 5  Attorneys for Forrest Wayne Catlett
 6
 7
                    UNITED STATES BANKRUPTCY COURT
 8
                    NORTHERN DISTRICT OF CALIFORNIA
 9
10
                                    )  Case No. 02-054152 MM
11  In re                           )
                                    )  Chapter 7
12                                  )  Adversary Proceeding No.: 04-5546
    DIGITAL REFLECTION, INC.,       )
13  (A Nevada Corporation)          )
                                    )
14          Debtor.                 )
                                    )
15                                  )  **AMENDED**
                                    )
16  FORREST WAYNE CATLETT           )   1. COLLATERAL ATTACK ON STATE
                                    )      COURT JUDGMENT FOR
17          Plaintiff,              )      VIOLATION OF STAY;
                                    )   2. COMPLAINT TO ENFORCE STAY;
18      V.                          )   3. REQUEST FOR STAY AND
                                    )      INJUNCTION;
19  ROBERT P. SCHIRO, SR., TRUSTEE OF )  4. SANCTIONS FOR VIOLATION OF
20  THE ROBERT P. SCHIRO TRUST; JOSEPH)    STAY;
    KAFKA, ANTHONY THOMAS, ELI JOHN )   5. DETERMINE STANDING AND
21  THOMAS, ELI F. THOMAS, FRANCES  )      SUBJECT MATTER JURISDICTION
22  THOMAS, DOROTHY THOMAS, JIM     )      BY DECLARATORY RELIEF.
    STUMP, JIM THOMAS, ELY F. THOMAS,)
23  MICHELLE THOMAS, CHRIS THOMAS,  )
24  GREG P. TABISH, FRANK TABISH,   )
    ANTHONY MCCARTHY, JOHN          )
25  McCARTHY, PAT McCARTHY, ANTHONY )
26  J. & LEE ANN McCARTHY TRUST,    )
    SUZZANE DECKER, TRUSTEE         )
27                                  )
            Defendants              )
28
```

-1-
COLLATERAL ATTACK ON STATE COURT JUDGMENT FOR VIOLATION OF STAY; COMPLAINT TO ENFORCE STAY; REQUEST FOR STAY AND INJUNCTION; SANCTIONS FOR VIOLATION OF STAY; DETERMINE STANDING AND SUBJECT MATTER JURISDICTION BY DECLARATORY RELIEF

Case: 04-05546    Doc# 7    Filed: 02/01/05    Entered: 02/01/05 11:12:29    Page 1 of 13

FORREST WAYNE CATLETT ("CATLETT"), a CREDITOR herein and former CEO and PRESIDENT of debtor DIGITAL REFLECTION, INC., (DRI) a Chapter 7 CORPORATE DEBTOR, by ERIC C. KITCHEN, the undersigned counsel, alleges and requests:

1. An order declaring a State Court action void;

2. Sanctions for violations of the stay issued in this court;

3. An injunction to stay and enjoin and declare void a State Court Judgment obtained by DEFENDANT ROBERT SCHIRO in violation of this Court's Stay and now used illegally by all defendants as collateral estoppel in CATLETT'S personal CHAPTER 7 as follows:

1. This court has exclusive jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 157(b) (1).

2. Pursuant to Bankruptcy Rule 7008(a), plaintiff states that this is a ``core proceeding" within the meaning of 28 U.S.C. § 157(b). 2. DEFENDANTS claim PLAINTIFF herein fraudulently transferred assets allegedly belonging to DEBTOR DRI which, if true, by operation of law belong to the estate herein and should be administered by the Trustee in an orderly way as assets of the estate and divided prorata among all creditors equitably and equally.

3. The debtor in this case, DRI, filed a petition for relief and order for stay on April 12, 2002, in the United States Bankruptcy Court Central District of California Northern Division, originally filed as CASE NO: ND 02-11132RR. The purpose of the filing was to obtain a stay of actions, which threatened turn over of Petitioner's Intellectual Property and Patents.

4. After filing said Petition, DEFENDANTS SCHIRO, KAFKA and DEFENDANT THOMAS moved to change venue to this Honorable Court. This case was transferred from Central District of California, Northern Division, (Case Number ND 02-11132RR) to San Jose as Case No. 02-054152 MM.

5. DEFENDANTS SCHIRO, KAFKA and THOMAS were shareholders of petitioner by having purchased FOUNDER'S SHARES from ICON GROUP LTD., co-founders of Petitioner herein. An exemplar of the SHARE PURCHASE AGREEMENT is attached hereto as EXHIBIT "A." DEFENDANTS SCHIRO, KAFKA, DEFENDANT THOMAS and each of the

-2-
COLLATERAL ATTACK ON STATE COURT JUDGMENT FOR VIOLATION OF STAY; COMPLAINT TO ENFORCE STAY; REQUEST FOR STAY AND INJUNCTION; SANCTIONS FOR VIOLATION OF STAY; DETERMINE STANDING AND SUBJECT MATTER JURISDICTION BY DECLARATORY RELIEF
Case: 04-05546    Doc# 7    Filed: 02/01/05    Entered: 02/01/05 11:12:29    Page 2 of 13

named Defendants signed SHARE PURCHASE AGREEMENTS with ICON GROUP LTD. warranting that each of them was sophisticated, knowledgeable and were accredited investors within the meaning of the Securities Acts.

6. DEFENDANT SCHIRO was the lessor of real property to Petitioner herein. From time to time, on three occasions, DEFENDANT SCHIRO accepted shares of Petitioner in lieu of receiving rent, each time signing the same SHARE PURCHASE AGREEMENT attached as EXHIBIT "A."

7. The SCHIRO LEASE with PETITIONER DRI, provided for a term end date of April 2003. DRI vacated in June 2001 owing approximately $40,000.00 in rent. The judgment described hereinafter, obtained in violation of the stay is for an amount of $3,032,172.57 included an extended term from April 2003 through April 2008, in violation of the stay for an additional amount not allowed under the Bankruptcy Code.

8. SCHIRO filed a proof of claim in these proceedings for $1,018,000.00 meaning that SCHIRO proceeded in state court in violation of the stay to obtain a judgment of $3,032,172.57 an amount of $2,014172.57 more than what SCHIRO claimed was owed in these proceedings. See Proof of Claim as Exhibit "B."

9. The debtor in this case, filed on April 12, 2002, a chapter 7 petition in United States Bankruptcy Court Central District of California Northern Division.

10. On motion of Creditor Schiro, a lessor and administrative claimant to DEBTOR DIGITAL REFLECTION, INC., this matter was transferred to this Honorable Court. Upon said transfer of Venue Defendant SUZANNE DECKER was appointed the CHAPTER 7 TRUSTEE.

11. Prior to filing this action, DEFENDANT SCHIRO had filed two state court actions against Petitioner and one State Court action against PLAINTIFF CATLETT as the alleged alter ego of Petitioner.

12. PLAINTIFF CATLETT is currently an individual Chapter 7 debtor now pending before the United States Bankruptcy Court Central District of California Northern Division, CASE NO. ND 04-10182 RR.

-3-
COLLATERAL ATTACK ON STATE COURT JUDGMENT FOR VIOLATION OF STAY; COMPLAINT TO ENFORCE STAY; REQUEST FOR STAY AND INJUNCTION; SANCTIONS FOR VIOLATION OF STAY; DETERMINE STANDING AND SUBJECT MATTER JURISDICTION; DECLARATORY RELIEF

Case: 04-05546    Doc# 7    Filed: 02/01/05    Entered: 02/01/05 11:12:29    Page 3 of 13

13. In each of the following cases, DEFENDANTS SCHIRO and KAFKA acted in direct violation of the stay entered herein and tried to extort a settlement from PLAINTIFF herein by the following means as a malicious abuse of the stay issued herein and in attempt to "leap frog" from shareholder status to a preferred creditor status without informing other creditors of their actions.

    a. **FIRST PRIOR PENDING STATE ACTION**: State of California, County of Santa Clara, **Action Number DC01 409664** (hereinafter the "First Action"). State of California, County of Santa Clara, Action Number DC01 409664 (hereinafter the "First Action") against Digital Reflection, Inc. said "First PRIOR PENDING ACTION" is entitled Robert P. Schiro Trust vs. Digital Reflection, Inc. The Parties to said First Action are the same. The same Primary Right, the alleged breach of the "Standard Industrial/Commercial Single Tenant Lease-Net", dated April 24, 1998 is the same in Said "First Prior Pending Action." This action is final as no appeal or further action was taken after entry of JUDGMENT BY STIPULATION.

    b. **SECOND PRIOR PENDING STATE ACTION**: State of California, County of Santa Clara, **Action Number CASE NO. CV 804353** entitled "Robert P. Schiro, Trustee vs. Wayne Catlett", an individual**,** hereinafter "Second Prior Pending State Action" in which Plaintiff herein obtained a State Court Judgment to impose "Alter Ego" liability on PLAINTIFF Forrest Wayne Catlett. This action has now gone to judgment in State Court.

    c. <u>**Judgment was entered in the Sate Court Action against PLAINTIFF CATLETT for an amount of $3,032,172.57 an amount of $2,014172.57 more than what SCHIRO claimed was owed in these proceedings**</u>. See Proof of Claim as Exhibit "B."

14 DEFENDANTS SCHIRO and KAFKA abused the state court process and acted in violation of the stay issued herein with an ulterior purpose of attaching PLAINTIFF'S' property wrongfully in an illegal and wrongful and malicious and despicable effort to extort money from PLAINTIFF CATLETT with an ulterior motive to gain preference over other

-4-
COLLATERAL ATTACK ON STATE COURT JUDGMENT FOR VIOLATION OF STAY; COMPLAINT TO ENFORCE STAY; REQUEST FOR STAY AND INJUNCTION; SANCTIONS FOR VIOLATION OF STAY; DETERMINE STANDING AND SUBJECT MATTER JURISDICTION BY DECLARATORY RELIEF

Case: 04-05546    Doc# 7    Filed: 02/01/05    Entered: 02/01/05 11:12:29    Page 4 of 13

creditors of DRI contrary to Federal Bankruptcy Acts, Rules and Procedures.

15    DEFENDANTS SCHIRO and KAFKA obtained writs of attachment against PLAINTIFF CATLETT in said Second State Court action, State of California, County of Santa Clara, **Action Number CASE NO. CV 804353**.

    a.    After obtaining the writs of attachment and after PETITIONER HEREIN, DRI had filed for an order for relief on April 12, 2002, DEFENDANTS SCHIRO and KAFKA demanded in writing of PLAINTIFF CATLETT to defraud other creditors herein by demanding of CATLETT TO settle as alleged hereinafter.

    b.    From the attached real property, KAFKA and SCHIRO demanded in a writing dated May 9, 2002, that CATLETT pay SCHIRO and KAFKA the sum of $700,000.00 "under the table" and in confidence and in exchange SCHIRO and KAFKA promise that any such settlement, after the stay had been filed herein, would be confidential and said DEFENDANTS offered to keep evidence "secret" from other creditors, including DEFENDANT THOMAS.

16.    Instead of making such a settlement in violation of the stay, CATLETT issued notices to Defendants, their lawyers and to the State Court, Santa Clara County Superior Court, Department 3, by the Honorable Thomas Cain that the State Court Lacked Jurisdiction.

17.    Judge Cain dismissed the motion that this Honorable Court had Subject Matter Jurisdiction by ruling on June 11, 2004, that this bankruptcy involving DRI had no bearing on the Compliant by Schiro alleging fraudulent transfers by CATLETT in direct contravention of Ninth Circuit Rulings that stay alter ego actions and that the Estate herein is the holder of alter ego claims for generalized damages of the type Corporate debtor herein allegedly suffered. Therefore, the damages, if any, were a derivative claim held by PETITIONER and not by DEFENDANT SCHIRO.

18.    CATLETT filed motions to dismiss for lack of subject matter jurisdiction, violation of the Stay and the State Court disregarded the Stay and issued a decision and Judgment notwithstanding Notice of Stay and Motion to Dismiss for Lack of Subject Matter Jurisdiction.

-5-
COLLATERAL ATTACK ON STATE COURT JUDGMENT FOR VIOLATION OF STAY; COMPLAINT TO ENFORCE STAY; REQUEST FOR STAY AND INJUNCTION; SANCTIONS FOR VIOLATION OF STAY; DETERMINE STANDING AND SUBJECT MATTER JURISDICTION BY DECLARATORY RELIEF

Case: 04-05546    Doc# 7    Filed: 02/01/05    Entered: 02/01/05 11:12:29    Page 5 of 13

19. Notwithstanding the Notices of Violations of Stay and Lack of Subject Matter Jurisdiction, DEFENDANT SCHIRO proceeded to the State Court Judgment.

20. Defendant SCHIRO knew that if he applied for relief from stay to this Honorable Court and to the trustee, Suzann Decker, DEFENDANT SCHIRO could only have proceeded as a representative of creditors generally and would have been deprived of his judgment by having to share it equally with the other creditors.

21. After motion to dismiss for violation of the stay and after serving notices of stay on DEFENDANTS and on the Superior Court Judge, THOMAS CAIN, the state court judge proceeded to enter judgment against PLAINTIFF CATLETT in and amount of $3,132,172.57.

22. PLAINTIFF CATLETT is currently an individual Chapter 7 debtor now pending before the United States Bankruptcy Court Central District of California Northern Division, CASE NO. ND 04-10182 RR.

23. The DEBTOR DIGITAL REFLECTION, INC. is a Nevada Corporation that had two founders: 1) Plaintiff CATLETT as to fifty percent, and 2) ICON GROUP LTD., a Grand Cayman Island Corporation, owned the other fifty percent.

24. The Founders, CATLETT and ICON, sold FOUNDER'S SHARES and deposited the sale proceeds into an account called the "DIGITAL REFLECTION INC. SPECIAL ACCOUNT." That account was used by the FOUNDERS to advance money to the DEBTOR DIGITAL REFLECTION. INC. and was also loaned by ICON GROUP to CATLETT in an approximate sum of 4 Million Dollars.

25. As hereinafter stated and alleged, the DEFENDANTS in their void state court actions alleged that when CATLETT borrowed the money from the sale proceeds of the ICON GROUP FOUNDER'S shares, what CATLETT was actually doing was misappropriating and fraudulently transferring funds the DEFENDANTS thought were corporate assets. Such a fraudulent transfer, if true, was harm to the corporation and only the TRUSTEE herein can assert a general claim that harmed all creditors herein equally.[1]

---

[1] Nothing stated herein is an admission by CATLETT that any transfers from the sale proceeds of the co-founder's shares were in fact a fraudulent transfer or misappropriation of the corporate debtor's assets.

-6-
COLLATERAL ATTACK ON STATE COURT JUDGMENT FOR VIOLATION OF STAY; COMPLAINT TO ENFORCE STAY; REQUEST FOR STAY AND INJUNCTION; SANCTIONS FOR VIOLATION OF STAY; DETERMINE STANDING AND SUBJECT MATTER JURISDICTION BY DECLARATORY RELIEF

Case: 04-05546   Doc# 7   Filed: 02/01/05   Entered: 02/01/05 11:12:29   Page 6 of 13

26. Upon the filing of the Chapter Seven by DIGITAL REFLECTION, INC. by operation of law all assets of the estate vested in the TRUSTEE, SUZANNE DECKER. The bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (1993). Those "legal or equitable interests" have been defined broadly to include causes of action. See United States v. Whiting Pools, Inc., 462 U.S. 198, 204-05, 76 L. Ed. 2d 515, 103 S. Ct. 2309 (1983). Once the bankruptcy petition has been filed, property rights belonging to a debtor under state law become assets of the estate. Butner v. United States, 440 U.S. 48, 54-55, 59 L. Ed. 2d 136, 99 S. Ct. 914 (1979). The application of the **alter ego** doctrine brings the assets of a bankruptcy debtor's **alter ego** into the bankruptcy estate. See Suhl v. Bumb, 348 F.2d 869, 873 (9th Cir. 1965), cert. denied 382 U.S. 938, 15 L. Ed. 2d 349, 86 S. Ct. 388 (1965).

27. The Trustee has never abandoned any claim for fraudulent transfers against CATLETT or for allegedly misappropriating DIGITAL REFLECTION INC.'S corporate assets. Since the Trustee has never abandoned the claim and since no defendant herein sought relief from the stay issued herein, only the TRUSTEE SUZANNE DECKER has standing to continue any claim against PLAINTIFF CALTETT pursuant to the TRUSTEE powers granted by the provisions of 11U.S.C. 544, 545, 546, 547 & 548. The TRUSTEE did file motions to abandon personal property as reflected in the Court Docket in which Trustee Suzanne L. Decker Abandoned Personal Property (Entered: 12/04/2002). The TRUSTEE SUZANNE DECKER did abandon personal property but did not abandon any claims for fraudulent transfers against PLAINTIFF CATLETT.

28. The TRUSTEE did investigate and depose PLAINTIFF CATLETT pursuant to Order of this Honorable Court, which granted the TRUSTEE'S MOTION For Examination of CATLETT under Rule 2004 by Suzanne L. Decker. That deposition was conducted by counsel for TRUSTEE DECKER in March, 2003.

29. Defendants ROBERT P. SCHIRO, SR., TRUSTEE OF THE ROBERT P. SCHIRO TRUST; ANTHONY THOMAS, ELI JOHN THOMAS, ELI F. THOMAS, FRANCES THOMAS, DOROTHY THOMAS, JIM STUMP, JIM THOMAS, ELY F. THOMAS,

-7-
COLLATERAL ATTACK ON STATE COURT JUDGMENT FOR VIOLATION OF STAY; COMPLAINT TO ENFORCE STAY; REQUEST FOR STAY AND INJUNCTION; SANCTIONS FOR VIOLATION OF STAY; DETERMINE STANDING AND SUBJECT MATTER JURISDICTION BY DECLARATORY RELIEF

Case: 04-05546    Doc# 7    Filed: 02/01/05    Entered: 02/01/05 11:12:29    Page 7 of 13

MICHELLE THOMAS, CHRIS THOMAS, GREG P. TABISH, FRANK TABISH, ANTHONY McCARTHY, JOHN McCARTHY, PAT McCARTHY, ANTHONY J. & LEE ANN McCARTHY TRUST, (hereinafter "Defendants") had before and after the filing of this action, filed state court actions against DIGITAL REFLECTION, INC. and alleged damages for misappropriation of corporate assets against PLAINTIFF CATLETT as the alter ego of DEBTOR DIGITAL REFLECTION, INC.

30. The state court actions instituted by the defendants and their attorneys were in contravention of and in violation of the provisions of 11 U.S.C. § 362.

31. Defendant SCHIRO filed a state court action before this Petition was filed in the State of California, County of Santa Clara, **Action Number CASE NO. CV 804353** entitled "Robert P. Schiro, Trustee vs. Wayne Catlett", an individual, in which Defendant SCHIRO sued to impose "Alter Ego" liability against PLAINTIFF CATLETT. Although never pleaded or disclosed prior to the trial, the trial court in said state court action found the transfers a defalcation while the corporation was insolvent. This action has gone to judgment and in violation of the Stay issued herein in these proceedings and is therefore void as a matter of law.

32. There are approximately 252 creditors of PETITIONER herein. DEFENDANT SCHIRO has usurped all creditor claims and is now the only creditor with a judgment. DEFENDANT SCHIRO is also a shareholder.

33. SCHIRO has inequitably and in violation of the stay vaulted over all shareholders and creditors and has a void judgment based upon alleged fraudulent transfers that belong generally to all creditors By maintaining his action in state court pending the administration of this estate SCHIRO violated the automatic stay and has successfully put himself *"at the front of the line of creditors"* robbing the corporation and the creditors of equal status to any funds fraudulently transferred or misappropriated in violation of clear Ninth Circuit holdings:" *[If] a creditor brings a collateral action against third parties (including the debtor corporation's officers) in an attempt* to satisfy the bankrupt's obligation by attacking, as fraudulent, a property transfer to these third parties such action is stayed under Code section 362(a). . . . To allow a

-8-
COLLATERAL ATTACK ON STATE COURT JUDGMENT FOR VIOLATION OF STAY; COMPLAINT TO ENFORCE STAY; REQUEST FOR STAY AND INJUNCTION; SANCTIONS FOR VIOLATION OF STAY; DETERMINE STANDING AND SUBJECT MATTER JURISDICTION DECLARATORY RELIEF

Case: 04-05546   Doc# 7   Filed: 02/01/05   Entered: 02/01/05 11:12:29   Page 8 of 13

creditor of the bankrupt to pursue his remedy against third parties on a fraudulent transfer theory would undermine the Bankruptcy Code policy of equitable distribution by allowing the creditor ***'to push its way to the front of the line of creditors.'*** Martin Arsham, 873 F.2d at 888 (quoting In re Central Heating & Air Conditioning, Inc., 64 Bankr. 733, 737 (N.D.Ohio 1986)). ee also In re Mortgage America Corp., 714 F.2d 1266, 1275-76 (5th Cir. 1983) *("Actions for the recovery of the debtor's property by individual creditors under state fraudulent conveyance laws would interfere with this estate and with the equitable distribution scheme dependent upon it, and therefore are appropriately stayed under Section 362(a)(3).* ***Any other result would produce near anarchy when the only discernible organizing principle would be first-come-first served.****").These holdings are based on the plain wording of § 362(a) (3), which defines "property of the estate" as "all legal or equitable interest of the debtor in property as of the commencement of the case." ." Because the gravamen of a fraudulent transfer claim is that the corporation has an equitable interest in the transferred property, it naturally follows that such property is part of the bankruptcy estate."*

34. The State Court action filed by DEFENDANT SCHIRO went to Judgment entered in the state court despite several objections and motions to dismiss for violation of the Stay issued when Debtor herein filed its petition. Despite multiple objections and requests for Dismissals of the State Court action, DEFENDANT SCHIRO has never sought or obtained relief from the automatic stay issued by this court upon the filing of the petition by debtor DIGITAL REFLECTION, INC. As a result PLAINTIFF alleges SCHIRO has obtained a Judgment that is void as matter of law. PLAINTIFF further asserts that the cause of action was general equally applicable to all creditors and thus SCHIRO did not and does not have standing to make the generalized claim and should be sanctioned for violation of the stay. The action instituted by this defendant is in contravention of and in violation of the provisions of 11 U.S.C. § 362 currently and now pending before PLAINTIFF'S proceedings in Chapter 7 now filed and pending before the United States Bankruptcy Court Central District of California Northern Division, CASE NO. ND 04-10182 RR.

-9-
COLLATERAL ATTACK ON STATE COURT JUDGMENT FOR VIOLATION OF STAY; COMPLAINT TO ENFORCE STAY; REQUEST FOR STAY AND INJUNCTION; SANCTIONS FOR VIOLATION OF STAY; DETERMINE STANDING AND SUBJECT MATTER JURISDICTION BY DECLARATORY RELIEF

Case: 04-05546   Doc# 7   Filed: 02/01/05   Entered: 02/01/05 11:12:29   Page 9 of 13

35. As stated by the Court in ***Contractor's State License Bd. V. Dunbar, 245 F. 3d. 1058, 1063 (Ninth Cir.2001)*** *"...federal courts are not bound by state court modifications of the automatic stay. Gruntz, 202 F.3d at 1077. Gruntz held that the Rooker-Feldman doctrine does not deprive federal courts of jurisdiction over the scope and applicability of the stay. Id. at 1083. Dunbar added that state court modifications of the automatic stay do not preclude federal relitigation of the scope and applicability of the stay under the doctrines of collateral estoppel and res judicata.* **Dunbar, 245 F.3d at 1060.** *The automatic stay provision is so central to the functioning of the bankruptcy system that the court regards judgments obtained in violation of the provision as void rather than merely voidable on the motion of the debtor. Courts regularly void state court default judgments against debtors when the judgments are obtained in violation of the automatic stay provision,* **even where the debtor filed for bankruptcy in the midst of the state court proceedings"**

36. CATLETT did file his individual Chapter 7 in the midst of State Court Proceedings, and Relief from Stay was granted to pursue that action in the United States Bankruptcy Court Central District of California Northern Division, CASE NO. ND 04-10182 RR but relief from stay was never granted in this action. This action maintained its stay and has exclusive jurisdiction over any alter ego claim and fraudulent transfer claims.

37. DEFENDANT SCHIRO has filed a motion for summary judgment alleging that the State Court Action and void Judgment issued thereon has preclusive effect based on the doctrine of collateral estoppel and that the void judgment entitles SCHIRO to a summary judgment as to his claims for non discharegability in accordance with **SCHIRO's** claims under **11 U.S.C. 523(a)(2)(A) & 523 (a)(2)(B) and 523 (a)(2)(B)(a)(2)(4).**

38. Shortly after this Petition was filed in April 2002, DEFENDANTS ANTHONY THOMAS, ELI JOHN THOMAS, ELI F. THOMAS, FRANCES THOMAS, DOROTHY THOMAS, JIM STUMP, JIM THOMAS, ELY F. THOMAS, MICHELLE THOMAS, CHRIS THOMAS, GREG P. TABISH, FRANK TABISH, ANTHONY MCCARTHY, JOHN McCARTHY, PAT McCARTHY, ANTHONY J. & LEE ANN McCARTHY TRUST (hereinafter "these defendants") filed a second state court action Santa Clara Superior Court Case

-10-
COLLATERAL ATTACK ON STATE COURT JUDGMENT FOR VIOLATION OF STAY; COMPLAINT TO ENFORCE STAY; REQUEST FOR STAY AND INJUNCTION; SANCTIONS FOR VIOLATION OF STAY; DETERMINE STANDING AND SUBJECT MATTER JURISDICTION BY DECLARATORY RELIEF

Case: 04-05546    Doc#: 7    Filed: 02/01/05    Entered: 02/01/05 11:12:29    Page 10 of 13

Number **Case No. CV 807104** seeking damages against PLAINTIFF CATLETT as an alleged alter ego and relied upon the same transfers from the special account, a generalized damage that belongs to all creditors equally and in violation of the stay issued herein.

39. As a result PLAINTIFF alleges these defendants pursued a cause of action that was general and derivative to debtor herein equally applicable as to all creditors and thus these DEFENDANTS never had standing and do not have standing to make the generalized claim.

40. These Defendants and each of them violated the stay issued upon the filing of this action. These defendants despite objections have never sought relief from stay and should be sanctioned for violation of the stay.

41. The actions instituted by these Defendants is in contravention of and in violation of the provisions of 11 U.S.C. § 362 issued before this Honorable Court in these proceedings.

42. These Defendants are now alleging in the PLAINTIFF'S Chapter 7 proceeding in the United States Bankruptcy Court Central District of California Northern Division, CASE NO. ND 04-10182 RR that the state court judgment obtained by SCHIRO has collateral estoppel preclusive effect as to their claims for nondischargeability under **11 U.S.C. 523(a) (2) (A) & 523 (a) (2) (B) and 11 U.S.C. 523 (a) (2) (4).**

43. Unless the Defendants and each of them are restrained from continuing the legal actions described above, immediate irreparable injury, loss or damage will result to the Plaintiff herein and loss to the estate herein of a cause of action for which only the Trustee can bring as an asset of this estate under 11 U.S.C. § 541(a)(1).

44. To allow the state court actions to continue as collateral estoppel in the Bankruptcy Court in the United States Bankruptcy Court Central District of California Northern Division, CASE NO. ND 04-10182 RR leads to absurd results as to Plaintiff herein subjecting him to multiple claims that rightfully belong solely to the TRUSTEE SUZANNE DECKER.

45. A Bankruptcy Court has broad equitable powers and has the power to prevent injustice or unfairness in the administration of the bankruptcy estate. Fair administration of the estate requires claims, which are assets of the bankruptcy estate to be pursued by the bankruptcy **trustee.** Pepper v. Litton, 308 U.S. 295, 307-08, 60 S. Ct. 238, 245-46, 84 L. Ed. 281 (1939)). As

-11-
COLLATERAL ATTACK ON STATE COURT JUDGMENT FOR VIOLATION OF STAY; COMPLAINT TO ENFORCE STAY; REQUEST FOR STAY AND INJUNCTION; SANCTIONS FOR VIOLATION OF STAY; DETERMINE STANDING AND SUBJECT MATTER JURISDICTION AND FOR RELIEF

Case: 04-05546    Doc#: 7    Filed: 02/01/05    Entered: 02/01/05 10:12:29    Page 11 of 13

property of the estate, the right to assert the claim is vested in the **trustee**. Id. 308 U.S. at 306-07; § 704(1). This includes a right of action for breach of fiduciary duty that is enforceable by the corporation or by a shareholder's derivative action before the bankruptcy petition is filed. Id. at 307.

46. The enforcement of this court's broad discretionary powers is manifestly evident in this case. DEFENDANT SCHIRO filed an administrative claim for rent against debtor herein on December 10, 2002, for an amount of $ 1,011,818. That claim was filed under penalty of perjury claiming that the debtor herein owed that amount for rent. However, in the void state court action Judgment was entered in an amount of $3,032, 272.57. This is an absurd inconsistent result and results in PLAINTIFF CATLETT bearing a personal liability in amount not claimed by DEFENDANT SCHIRO in these proceedings as to the amounts owed under the lease between DEFENDANT SCHIRO and PETITIONER herein, DIGITAL RELFECTION, INC.

47. A further inconsistent result is the Pending action by Defendants ANTHONY THOMAS, ELI JOHN THOMAS, ELI F. THOMAS, FRANCES THOMAS, DOROTHY THOMAS, JIM STUMP, JIM THOMAS, ELY F. THOMAS, MICHELLE THOMAS, CHRIS THOMAS, GREG P. TABISH, FRANK TABISH, ANTHONY MCCARTHY, JOHN McCARTHY, PAT McCARTHY, ANTHONY J. & LEE ANN McCARTHY TRUST from using the void state Court Judgment obtained by DEFENDANT SCHIRO as having any preclusive effect on the ability of PLAINTIFF herein to defend himself from the claims now alleged by those Defendants in CATLETT'S pending Chapter 7, United States Bankruptcy Court Central District of California Northern Division, CASE NO. ND 04-10182 RR.

WHEREFORE, PLAINTIFF FORREST WAYNE CATLETT request entry of the following:

i. An order for Stay and Injunction against any actions pending in the state courts or in federal court based on the void judgment entered in the State Court Action, State of California, County of Santa Clara, **Action Number CASE NO. CV 804353**

---
-12-
COLLATERAL ATTACK ON STATE COURT JUDGMENT FOR VIOLATION OF STAY; COMPLAINT TO ENFORCE STAY; REQUEST FOR STAY AND INJUNCTION; SANCTIONS FOR VIOLATION OF STAY; DETERMINE STANDING AND SUBJECT MATTER JURISDICTION BY DECLARATORY RELIEF

Case: 04-05546    Doc#7    Filed: 02/01/05    Entered: 02/01/05 11:12:29    Page 12 of 13

entitled "Robert P. Schiro, Trustee vs. DIGITAL REFLECTION, INC. and WAYNE CATLETT;

    ii.    An Order for Sanctions for violation of the Stay according to proof of damages including all attorneys' fees and costs incurred in defending the actions pursued in violation of the Stay issued by this Honorable Court upon the filing of the Petition by Debtor herein.

    iii.    An Order confirming that only the Trustee Suzanne Decker has standing to pursue any and all alter ego claims and fraudulent transfer claims so that any such claims that are generalized and not particularized belong to the trustee and to all creditors equally.

Date: January 25, 2005

_____
Eric C. Kitchen, Attorney for PLAINTIFF
FORREST WAYNE CATLETT

-13-
COLLATERAL ATTACK ON STATE COURT JUDGMENT FOR VIOLATION OF STAY; COMPLAINT TO ENFORCE STAY; REQUEST FOR STAY AND INJUNCTION; SANCTIONS FOR VIOLATION OF STAY; DETERMINE STANDING AND SUBJECT MATTER JURISDICTION BY DECLARATORY RELIEF

Case: 04-05546　　Doc# 7　　Filed: 02/01/05　　Entered: 02/01/05 11:12:29　　Page 13 of 13